IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CUBA LANDING MARINA, LLC, ) <br> ) <br>    Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> KEY BANK, ) <br> ) <br>    Defendant/Counterclaim Plaintiff/ ) <br>    Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> RICKY WOOD, ) <br> ) <br>    Counterclaim Plaintiff/ ) <br>    Counterclaim Defendant. ) | Case No. 3:10-cv-00324 <br> **JUDGE CAMPBELL** <br> **MAGISTRATE JUDGE BRYANT** |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties jointly submit this Proposed Initial Case Management Order for the initial case management conference scheduled for June 15, 2010.

**1.** **Jurisdiction:** The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1333. Venue is also proper in this Court. Neither jurisdiction nor venue are in dispute.

**2.** **Responsive Pleadings:** KeyBank has filed an Answer to the Complaint. Mr. Wood has filed an Answer to KeyBank's Counterclaim. Cuba Landing has not filed an Answer to KeyBank's Counterclaim. KeyBank's Answer to Mr. Wood's Counterclaim is due on June 15, 2010.

3. **Plaintiff/Counter-Defendant's (Cuba Landing) & Counter Defendant/Counter Plaintiff's (Mr. Wood) Theory of the Case:**

KeyBank purports to have a valid, perfected and recorded preferred mortgage on the vessel. Cuba Landing Marina, LLC & Mr. Wood (Plaintiff & Counter-Plaintiff, respectively) would first assert KeyBank prove the preferred mortgage was valid and perfected. Plaintiff exercised a statutory lien pursuant to Tenn. Code Ann § 66-19-201, 66-19-212 (Possessory Lien of Boats). Plaintiff first acquired title pursuant to sale subject to the requirements of Tenn. Code Ann. § 66-14-102 et seq. Counter-Plaintiff acquired putative title from Plaintiff two months subsequent to the vessel's lien sale. Plaintiff & Counter-Plaintiff assert that the statutory lien is neither preempted nor superseded by the preferred mortgage nor invalidates the lien sale of the vessel.

If the preferred mortgage of KeyBank is superior in all rights by virtue of preemption and the Supremacy Clause; U.S. Const., Art. VI, cl. 2; to the possessory marina lien, then Mr. Wood could not be a bona fide purchaser for value If the preferred mortgage is perfected, then the allegation of the lapse of three years as abandonment will not stand. Should the court find the preferred mortgage superior, Counter-Plaintiff claims that the monies expended in the preservation and accessions to the vessel should be due and owing to Counter-Plaintiff as his possession made him a constructive bailee of the property having a duty to maintain and preserve the vessel. To permit conveyance of the vessel without remittance to Mr. Wood of accessions and costs to preserve the vessel would unjustly enrich KeyBank. The amounts expended to date in preservation and accessions are $27,429.10.

4. **Defendant/Counter-Plaintiff's (KeyBank) Theory of the Case:**

KeyBank has a valid, perfected and recorded preferred mortgage on the vessel that is the subject of this lawsuit, pursuant to 46 U.S.C § 31301 *et seq*. KeyBank's preferred mortgage has priority over Cuba Landing's asserted marina lien, and any interest of Cuba Landing or Mr. Wood in the vessel, or that of any other interested party. KeyBank recorded and perfected its preferred mortgage on the vessel on October 18, 2005 through the United States Coast Guard. In attempting to enforce its asserted marina lien, Cuba Landing failed to properly conduct a title search with the United States Coast Guard, which requires a request and payment of a fee to the Coast Guard's National Vessel Documentation Center. Had the title search been conducted correctly, Cuba Landing would have discovered KeyBank's preferred mortgage lien on the vessel. KeyBank's preferred mortgage has priority over any other party subsequently asserting a marina or maritime lien, subsequent purchaser in good faith, or any other interest in the vessel that has been asserted. At the time KeyBank attempted to repossess the vessel, and thus learned for the first time of Cuba Landing's asserted marina lien, the mortgage payments were only approximately 139 days past due. Accordingly, KeyBank is entitled to a declaratory judgment that KeyBank's preferred mortgage is valid and superior to the interests, liens, or claims of any and all persons, firms or corporations whatsoever, including Cuba Landing and Mr. Wood.

5. **Mandatory Initial Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures no later than 14 days after the case management conference.

6. **Discovery**:
   a. Discovery is not stayed during dispositive motions, unless ordered by the Court.
   b. The parties shall declare to opposing parties the identity of their expert

witnesses, if any, and provide the information specified in Rule 26(a)(2)(B) by October 15, 2010. Any supplements to expert reports shall be provided by November 15, 2010.

c. All discovery, including depositions of experts, shall be completed no later than December 31, 2010. Any written discovery shall be served in time so that responses are due no later than December 31, 2010.

d. Dispositive Motions: Briefs shall not exceed <u>25</u> pages, absent Court permission for longer pleading. Dispositive motions will be filed no later than January 18, 2011. Responses to dispositive motions shall be due 28 days after the filing of the dispositive motion. Optional replies shall be due 14 days after the filing of the response and shall not exceed <u>5</u> pages, absent Court permission for longer pleading.

**Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.**

7. **Amendments to Pleadings:** The deadline for filing Motions to Amend the pleadings is August 13, 2010.

8. **Subsequent Case Management Conference:** The Court will conduct a follow-up case management conference by telephone on December 1, 2010, at 10:00 a.m. Counsel for **KeyBank** shall initiate the call.

9. **Issues Resolved:** None.

10. **Issues in Dispute:** All substantive issues remain in dispute and include the following:

a. Whether KeyBank's preferred mortgage lien has priority over Cuba Landing's asserted marina lien, and any interest of Cuba Landing or Mr. Wood in the vessel;

b. Whether Cuba Landing's enforcement of its asserted marina lien was valid and extinguished all rights of any party claiming an interest in the vessel.

11. **Alternate Dispute Resolution:** The parties have begun to engage in settlement discussions, and believe that alternate dispute resolution may be appropriate. The parties will contact the Court to arrange a judicial settlement conference should formal mediation become necessary.

12. **Trial Date and Expected Length of Trial:** Trial is set for May 31, 2011, at 9:00 a.m. before Chief Judge Campbell. A pretrial conference is set for May 20, 2011, at 10:30 a.m. Trial is expected to last one day.

*s/ John S. Bryant*

Magistrate Judge John S. Bryant